IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PAMELA B. COOPER,

Plaintiff,

v.

DEPARTMENT OF HUMAN SERVICES,

Defendant.                                            No. 17-cv-1368-DRH-SCW

MEMORANDUM AND ORDER

HERNDON, District Judge:

On December 18, 2017, plaintiff Pamela B. Cooper filed suit in this Court alleging wrongful termination and breach of contract by her former employer, Defendant Illinois Department of Human Services (Doc. 1). Now before the Court is plaintiff's motion for leave to proceed *in forma pauperis* (IFP), i.e., without prepaying the filing fee or costs (Docs. 2 &7) and motion for service of process at the government's expense (Doc. 4).

Under 28 U.S.C. §1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [she] possesses [showing] that the person is unable to pay such fees or give security therefor." Plaintiff has done so in the instant case (Doc. 7). But the Court's inquiry does not end there. 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP

plaintiff. Indeed, the statute *requires* the Court to dismiss the complaint at any time if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. *Id.*

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Plaintiff's complaint survives § 1915 review. Her sworn IFP motion establishes that she is indigent *for purposes of IFP review*. Nothing indicates that her action is frivolous or malicious. And at this point, the Court cannot conclude that this action fails to state any claim upon which relief could be granted. This does not mean the Court finds that plaintiff's claims have merit or should prevail.

Accordingly, the Court **GRANTS** the motion for pauper status (Doc. 7), and denies as moot plaintiff's duplicative motion for pauper status (Doc. 2), and motion for service of process at the government's expense (Doc. 4). Given that plaintiff's complaint survives review under § 1915A, service shall be ordered on the defendant as a matter of course. No motion is required.

Finally, **IT IS HEREBY ORDERED** that the Clerk of Court shall prepare for defendant **Illinois Department of Human Services**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff shall serve upon defendant (or upon defense counsel once an appearance is entered), a copy of every pleading

or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

**IT IS FURTHER ORDERED** that if judgment is rendered against plaintiff, and the judgment includes the payment of costs under Section 1915, plaintiff will be required to pay the full amount of the costs, notwithstanding that her application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant was deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, plaintiff is **ADVISED** that she is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in her address; the Court will not independently investigate her whereabouts. This shall be done in writing and not later than **7 days** after a change in address

occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.01.22
13:47:57 -06'00'

**United States District Judge**