IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PAMELA COOPER,

Plaintiff,

v.

ILLINOIS DEPARTMENT OF
HUMAN SERVICES,                                            No. 17-cv-1368-DRH-SCW

Defendant.

## MEMORANDUM and ORDER

HERNDON, District Judge:

### I. Introduction

Now before the Court is defendant Illinois Department of Human Services' motion to dismiss plaintiff's *pro se* complaint (Doc. 15), to which plaintiff responded (Doc. 21). For the reasons explained below, the Court **GRANTS** defendant's motion to dismiss.

### II. Background[1]

---

[1] For purposes of the motion to dismiss, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all inferences in the light most favorable to plaintiff. *Hager v. City of West Peoria*, 84 F.3d 865, 868–69 (7th Cir.1996); *Covington Court, Ltd. v. Village of Oak Brook*, 77 F.3d 177, 178 (7th Cir.1996). When read in that light, the Complaint must set forth a short and plain statement of the claim showing

On December 18, 2017, Plaintiff Pamela B. Cooper, *pro* se, a former employee of the Illinois Department of Human Services ("IDHS"), filed a complaint against IDHS claiming that IDHS violated her civil rights by wrongfully terminating her, harassing her and breaching her employment contract (Doc. 1). As pointed out by IDHS, plaintiff identified her claim as a civil rights employment suit and stated that jurisdiction was based on listing the U.S. government as a defendant (Doc. 1-4). However, the U.S. government was not named as a defendant in this matter. As a result, IDHS moves to dismiss plaintiff's complaint (Doc. 15) alleging that any claims brought pursuant to 42 U.S.C § 1983 or state law are barred by the Eleventh Amendment. Additionally, IDHS argues that to the extent plaintiff alleges employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., she fails to state a claim. Plaintiff responded opposing the motion alleging that IDHS is a "political subdivision", and, thus, not entitled to Eleventh Amendment protections (Doc. 21, pg. 4).

### III. Motion to Dismiss

Pursuant to Fed.R.Civ.P. 12(b)(1), a court must dismiss any action over which it lacks subject-matter jurisdiction. Further, a complaint that fails to state a claim upon which relief can be granted should be dismissed pursuant to

---

that plaintiff is entitled to relief. Fed.R.Civ.P. 8(a); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007); *Airborne Beepers & Video, Inc. v. AT & T Mobility, LLC*, 499 F.3d 663 (7th Cir.2007).

Fed.R.Civ.P. 12(b)(6). *Hallinan v. Fraternal Order of Police Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). The Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), that Rule 12(b)(6) dismissal is warranted if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face."

Although federal pleading standards were retooled by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), notice pleading remains all that is required in a complaint. "A plaintiff still must provide only 'enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (citation omitted).

The Seventh Circuit offers further guidance on what a complaint must do to withstand 12(b)(6) dismissal. The Court in *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008), reiterated the standard: "surviving a Rule 12(b)(6) motion requires more than labels and conclusions;" the complaint's allegations must "raise a right to relief above the speculative level." A plaintiff's claim "must be plausible on its face," that is, "the complaint must establish a non-negligible probability that the claim is valid." *Smith v. Medical Benefit Administrators Group, Inc.*, 639 F.3d 277, 281 (7th Cir.2011). With this in mind, the Court turns to plaintiff's complaint

## IV. Analysis

As noted above, plaintiff seeks to bring a claim against IDHS for wrongful termination, harassment and alleged breach of contract (Doc. 1). Plaintiff improperly alleges that jurisdiction is based on the U.S. government as a defendant (in her civil cover sheet) and that the alleged violations involve state law (Doc. 1). IDHS has moved for dismissal, arguing that as an agency of the State of Illinois, both plaintiff's § 1983 claims and her state law claims, are barred by the Eleventh Amendment. The Court agrees.

The Eleventh Amendment "bars federal jurisdiction over suits brought against a state, not only by citizens of another state or a foreign state, but also by its own citizens." *MCI Telecommunications Corp. v. Illinois Bell Telephone Co.,* 222 F.3d 323, 336 (7th Cir.2000). This jurisdictional bar applies "regardless of the nature of the relief sought." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). State agencies are subject to the same treatment as states. *Kroll v. Bd. of Trustees of Univ. of Illinois*, 934 F.2d 904, 907 (7th Cir. 1991). The rule applies unless, (1) the state unequivocally waives its Eleventh Amendment protection, thereby consenting to suit in federal court, or (2) Congress unequivocally states its intent to abrogate Eleventh Amendment immunity. *Id*. With respect to § 1983, Congress has not conveyed unequivocal intent to abrogate states' Eleventh Amendment immunity. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)(noting that

Congress had no intention of abrogating states' Eleventh Amendment immunity by enacting § 1983).

Plaintiff's attempt to argue that IDHS is not entitled to Eleventh Amendment protections based on its status as a "political subdivision" is clearly misguided. By virtue of the Eleventh Amendment, the immunity afforded to the State of Illinois extends to its state agencies. 745 ILCS 5/1. Thus, IDHS is entitled to sovereign immunity, as the State of Illinois has not waived its Eleventh Amendment immunity. *Id. See also Spain v. Elgin Mental Health Center*, 2011 WL 1485285, at *4 (N.D.Ill.2011) (Eleventh Amendment grants IDHS sovereign immunity); *Hall v. Carter*, 2011 WL 499954, at *2 (S.D.Ill.2011) (Eleventh Amendment shields DOC, a state agency, from suits in federal court). Therefore, plaintiff's § 1983 claims and state law claims are barred by the Eleventh Amendment.

Lastly, IDHS argues that "to the extent plaintiff alleges employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (as suggested by plaintiff's civil cover sheet, (Doc. 1-4)), she has failed to state a claim because she has not alleged that she was discriminated against because of her membership in a protected class." (Doc. 15, pgs. 2-3). In her response, plaintiff acknowledges that she "did not allege or include charges of discrimination in her complaint", (Doc. 21, pg. 4 ¶6). Therefore, plaintiff's complaint must be dismissed in its entirety.

## V. Conclusion

Accordingly, plaintiff's complaint is **DISMISSED** for lack of jurisdiction because Eleventh Amendment immunity precludes jurisdiction. The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

Judge Herndon
2018.06.12
13:35:26 -05'00'

**United States District Judge**